## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## WESTERN DIVISION

No.: 5:12-CV-484-F

| | |
|---|---|
| PEGGY PLEDGER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| UHS-PRUITT CORPORATION, THE | ) |
| OAKS AT MAYVIEW a/k/a MAYVIEW | ) |
| CONVALESCENT HOME, INC. a/k/a | ) |
| MAYVIEW CONVALESCENT CENTER, | ) |
| | ) |
| Defendants. | ) |

This matter comes before the court upon the motion of Defendants UHS-Pruitt Corporation,

The Oaks at Mayview a/k/a Mayview Convalescent Home, Inc. a/k/a Mayview Convalescent Center

("Defendants") to compel discovery and for other relief. [DE-17]. No response to the motion has

been filed by Plaintiff Peggy Pledger ("Plaintiff") and the matter is ripe for decision. For the reasons

set forth below, Defendants' motion is allowed in part.

## BACKGROUND

On August 2, 2012, Plaintiff filed the instant complaint *pro se*.[1]   Plaintiff asserts

discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title

VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§ 621 *et seq.*, and 42 U.S.C. § 1981, as well as claims for negligent infliction of emotional distress

_____

[1] This is not Plaintiff's first action in this court against Defendant Mayview. On June 22, 2007, Plaintiff filed
a complaint against her then employer, Defendant Mayview, asserting that she had been discriminated against on the
basis of her race, age, and religion in violation of Title VII the ADEA, and § 1981 and that she had been retaliated
against. On April 14, 2009, the court granted summary judgment in Defendant Mayview's favor on all claims. *See
Pledger v. Mayview Convalescent Home, Inc.*, No. 5:07CV235-F, 2009 WL 1010428 (E.D.N.C. Apr. 14, 2009), *aff'd*,
374 F. App'x 431, 2010 WL 1538863 (4th Cir. Apr. 19, 2010).

and intentional infliction of emotional distress. [DE-l]. On June 10, 2013, the parties submitted a joint discovery plan ("Discovery Plan"), which provided, among other things, that the parties would exchange the information required by Rule 26(a)(1) by July 7, 2013. [DE-15] ¶ 2. On June 14, 2013, the court approved the parties' Discovery Plan in the court's Scheduling Order. [DE-16].

On July 2, 2013, Defendants served Plaintiff with their First Requests for Admissions [DE-17-4] and First Set of Interrogatories and Request for Production of Documents to Plaintiff [DE-17-5]. On July 3, 2013, Defendants served their Rule 26(a)(1) Initial Disclosures on Plaintiff. [DE-17-6]. On August 8, 2013, Defendants' counsel sent Plaintiff a letter requesting that Plaintiff provide her initial disclosures and full and complete responses to Defendants' discovery requests within seven days. [DE-17-7]. Plaintiff responded by letter dated August 14, 2013, denying receipt of Defendants' initial disclosures and discovery requests. [DE-17-8]. Plaintiff further stated that the parties had agreed in a phone call that initial disclosures would be due in August. *Id.* Plaintiff also requested that Defendants' counsel serve Plaintiff via certified mail on all correspondence and that Defendants' counsel send her Defendants' initial disclosures and discovery requests that required a response. *Id.*

On August 28, 2013, Defendants filed the instant motion to compel, indicating that Plaintiff's initial disclosures and responses to discovery had not been received. [DE-17]. Defendants ask the court to compel Plaintiff to serve initial disclosures, respond to Defendants' interrogatories and request for production of documents, find that all matters contained within Defendants' request for admissions are deemed conclusively admitted, and grant Defendants' costs of pursuing the motion to compel, including reasonable attorney's fees. *See* Mot. to Compel at 3.

On October 11, 2013, the court held a hearing on Defendants' motion to compel, at which

2

Defendants' counsel appeared. However, Plaintiff failed to appear at the hearing, and Defendants' counsel informed the court that he had still not received Plaintiff's initial disclosures or discovery responses.

## COURT'S DISCUSSION

### I. Plaintiff's Initial Disclosures

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires a party to automatically make certain enumerated disclosures to the other parties. *See* Fed. R. Civ. P. 26(a)(1); *see also Smith v. Coulter*, No. 5:11-CV-736-BO, 2013 WL 1498962, at *2 (E.D.N.C. Apr. 11, 2013). Rule 37 allows the filing of a motion to compel where a party fails to make initial disclosures. Fed. R. Civ. P. 37(a)(3)(A). Pursuant to the Scheduling Order adopting the parties' Discovery Plan regarding disclosure of Rule 26(a)(1) information, Plaintiff was required to provide Defendants with initial disclosures on or by July 7, 2013. [DE-15] ¶ 2; [DE-16]. Plaintiff, however, has failed to make the mandatory Rule 26(a)(1) disclosures in conformity with the court's order. Furthermore, even assuming the parties' reached an agreement that initial disclosures could be served in August, that time has too passed. Accordingly, Plaintiff shall serve Defendants with her Rule 26(a)(1) initial disclosures no later than **October 18, 2013**.

### II. Plaintiff's Responses to Defendants' Interrogatory and Document Requests

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26–37. Rule 37 allows for the filing of a motion to compel where a party fails to respond to written discovery requests. Fed. R. Civ. P. 37(a)(3)(B).

Rule 26 provides for a broad scope of discovery:

3

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando,* 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors,* No. 2:98–CV–62–BO, 2000 WL 33672978, at \*4 (E.D.N.C. Sept. 27, 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *Equal Employment Opportunity Comm'n v. Sheffield Fin. LLC,* No. 1:06CV889, 2007 WL 1726560, at \*3 (M.D.N.C. June 13, 2007) (quoting *Merrill v. Waffle House, Inc.,* 227 F.R.D. 467, 473 (N. D. Tex. 2005)); *see also Mainstreet Collection, Inc. v. Kirkland's, Inc.,* 270 F.R.D. 238, 240 (E.D.N.C. 2010) ("During discovery, relevance is broadly construed 'to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'") (quoting *Oppenheimer Fund., Inc., v. Sanders,* 437 U.S. 340, 351 (1978)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross,* 974 F.2d 482, 489 (4th Cir. 1992).

Plaintiff failed to respond to Defendants' discovery requests and failed to seek an extension of time within which to do so. Even assuming Plaintiff did not receive the discovery requests, as she asserted in her letter to Defendants' counsel, the discovery requests were also included with the motion to compel, to which Plaintiff also failed to respond. Importantly, Plaintiff failed to appear at the hearing on the motion to compel to address her failure to comply with the rules of discovery and orders of this court. The court further notes that all court filings, including the notice of hearing

4

on the motion to compel, as well as all documents served by Defendants, were mailed to Plaintiff at her address of record with the court. The court's Local Rules require that "*pro se* parties must notify the court in writing within fourteen (14) days of any change of address," and Plaintiff has not so notified the court of any such change. *See* Local Civil Rule 83.3. Finally, although the court is mindful of Plaintiff's *pro se* status, it does not excuse her from compliance with the requirements of the Federal Rules or orders of this court. *See Loftin v. Nationwide Mut. Ins. Co.*, No. 7:09-CV-118-F, 2010 WL 4117404, at *3 (E.D.N.C. Oct. 18, 2010). Accordingly, the court finds that Plaintiff does not dispute Defendants' contentions and that Plaintiff has, in fact, failed to comply with her discovery obligations.

The court has reviewed Defendants' discovery requests and finds them to be within the permissible scope of discovery. Therefore, Plaintiff shall serve her responses to Defendants' interrogatories and requests for production no later than **October 25, 2013**. Because Plaintiff did not respond to Defendants' discovery requests in a timely manner, any objections she may have to their relevance or scope are waived. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *Loftin*, 2010 WL 4117404, at *3. Despite Plaintiff's lack of objection, the court will permit Plaintiff to assert any valid claim privilege in her responses to the interrogatories and document production requests. However, Plaintiff is cautioned that in order to validly claim a privilege, Plaintiff must expressly assert it in response to the particular discovery request involved and serve with her discovery responses a privilege log in conformance with Rule 26(b)(5)(A). Failure to timely serve a duly signed privilege log meeting the requirements of Rule 26(b)(5)(A) shall be deemed a waiver of the privilege otherwise claimed.

5

### III. Plaintiff's Responses to Defendants' Requests for Admission

Rule 36 of the Federal Rules provides, in relevant part, that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be . . . ordered by the court." Fed. R. Civ. P. 36(a). "A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Further, "[a] party's failure to respond to a request for admissions under Federal Rule of Civil Procedure 36 may result in a material fact being deemed admitted and subject the party to an adverse grant of summary judgment." *United States v. Renfrow*, 612 F. Supp. 2d 677, 682 (E.D.N.C. 2009) (citations omitted).

The court finds that Plaintiff has failed to timely respond or object to Defendants' requests for admission. Further, Plaintiff failed to appear at the hearing on the motion to compel and explain her failure to respond. However, given the severity of consequence flowing from Plaintiff's failure to respond, the court will allow Plaintiff one final opportunity to address her deficiency and respond to Defendants' requests for admission. Therefore, Plaintiff shall serve her response to Defendants' requests for admission no later than **October 25, 2013**. In the event Plaintiff fails to timely respond, the requests for admission shall be deemed admitted without further order of the court.

### IV. Expenses and Attorney's Fees

Rule 37(a)(5)(A) provides that the moving party be awarded expenses when a motion to compel discovery is granted, absent certain specified circumstances. The rule states in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the

6

party or attorney advising that conduct, or both to pay the movant's reasonable
expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A). Accordingly, Defendants shall file no later than **October 18, 2013**, an
affidavit setting out such fees and other expenses incurred in the filing of the instant motion to
compel, and Plaintiff shall respond no later than **October 25, 2013**, and show cause why the court
should not grant Defendants' request for expenses and attorney's fees. In order to avoid an award
of expenses and attorney's fees, Plaintiff must show the court why her failure to respond to
Defendants' discovery requests was "substantially justified" or why "other circumstances make an
award of expenses unjust." *Id.*

## CONCLUSION

For the reasons set forth above, Defendants' motion to compel [DE-17] is ALLOWED IN
PART as follows:

(1) Plaintiff shall serve Defendants with her Rule 26(a)(1) initial disclosures no later than
**October 18, 2013**;

(2) Plaintiff shall serve her responses to Defendants' interrogatories, requests for production,
and requests for admission no later than **October 25, 2013**;

(3) Defendants shall file no later than **October 18, 2013**, an affidavit setting out the fees and
other expenses associated with the filing of the motion to compel; and

(4) Plaintiff shall respond to Defendants' request for fees and expenses no later than **October
25, 2013**, and show cause why the court should not grant Defendants' request.

**Plaintiff is cautioned that a failure to comply with this order may result in sanctions,**

7

including dismissal of this action, pursuant to Rule 37.

SO ORDERED, the _11_ day of October 2013.

Robert B. Jones, Jr.
United States Magistrate Judge

8