IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:12-CV-484-F

| | |
|---|---|
| PEGGY PLEDGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | O R D E R |
| UHS-PRUITT CORPORATION, THE ) | |
| OAKS AT MAYVIEW a/k/a MAYVIEW ) | |
| CONVALESCENT HOME, INC. a/k/a ) | |
| MAYVIEW CONVALESCENT CENTER, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court upon the Motion for Sanctions/Motion to Dismiss by Defendants UHS-Pruitt Corporation, The Oaks at Mayview a/k/a Mayview Convalescent Home, Inc. a/k/a Mayview Convalescent Center ("Defendants") [DE-36], to which Plaintiff Peggy Pledger ("Plaintiff") has responded; and Defendants' Amended Motion for Extension of Time to File Response to Plaintiff's First Request for Admissions and Interrogatories and Plaintiff's Second Set of Interrogatories and Request for Production of Documents [DE-45], to which no response was filed. These matters are now ripe for decision. Additionally, the court will *sua sponte* take up the current case deadlines and the outstanding issue of Defendants' request for attorney's fees and costs associated with the August 28, 2013 Motion to Compel. For the reasons set forth below, Defendants' motion for sanctions is denied and, alternatively, Plaintiff is directed to respond to Defendants' discovery as directed herein; Defendants' amended motion to extend the time to respond to Plaintiff's discovery requests is allowed; the case deadlines are amended as detailed herein; and Defendants are awarded $350.00 for Plaintiff's failure to timely make her Rule 26(a)(1) initial

disclosures.

## BACKGROUND

On August 2, 2012, Plaintiff filed the instant complaint *pro se*. Plaintiff asserts discrimination and retaliation claims pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and 42 U.S.C. § 1981, as well as claims for negligent infliction of emotional distress and intentional infliction of emotional distress. [DE-l]. On June 10, 2013, the parties submitted a joint discovery plan ("Discovery Plan"), which provided, among other things, that the parties would exchange the information required by Rule 26(a)(1) by July 7, 2013. [DE-15] ¶ 2. On June 14, 2013, the court approved the parties' Discovery Plan in the court's Scheduling Order. [DE-16].

On July 2, 2013, Defendants served Plaintiff with their First Requests for Admissions [DE-17-4] and First Set of Interrogatories and Request for Production of Documents to Plaintiff [DE-17-5]. On July 3, 2013, Defendants served their Rule 26(a)(1) Initial Disclosures on Plaintiff. [DE-17-6]. On August 8, 2013, Defendants' counsel sent Plaintiff a letter requesting that Plaintiff provide her initial disclosures and full and complete responses to Defendants' discovery requests within seven days. [DE-17-7]. Plaintiff responded by letter dated August 14, 2013, denying receipt of Defendants' initial disclosures and discovery requests. [DE-17-8]. Plaintiff further stated that the parties had agreed in a phone call that initial disclosures would be due in August. *Id.* Plaintiff also requested that Defendants' counsel serve Plaintiff via certified mail on all correspondence and that Defendants' counsel send her Defendants' initial disclosures and discovery requests that required a response. *Id.*

On August 28, 2013, Defendants filed a motion to compel, indicating that Plaintiff's initial

2

disclosures and responses to discovery had not been received. [DE-17]. On September 30, 2013, this court entered an order setting Defendants' motion to compel for hearing on October 11, 2013, in Raleigh. [DE-17]. On October 11, 2013, the court held the hearing at which Defendants' counsel appeared; Plaintiff did not appear at the hearing. The court subsequently entered an order allowing in part Defendants' motion to compel, wherein the court directed Plaintiff to provide her initial disclosures and responses to Defendants' discovery by certain dates. [DE-21]. In particular, the court ruled that after having reviewed Defendants' discovery requests and finding the requests to be within the permissible scope of discovery, Plaintiff's failure to respond to the discovery constituted a waiver of any objection to such requests on the grounds of relevance and scope, reserving privilege as a grounds on which Plaintiff may object to Defendants' discovery requests. In its order, the court warned Plaintiff that her failure to comply with court order may result in sanctions being imposed against her, including the dismissal of her lawsuit. The court directed Defendants to submit an affidavit in support of an award of fees and allowed Plaintiff time to respond to Defendants' affidavit. Thereafter, Defendant submitted an affidavit and supplemental affidavit in support of an award of $3,180.00 in fees and $148.03 in costs. [DE-22, -27].

On October 18, 2013, the Clerk of Court received a telephone call from Plaintiff advising that Plaintiff had received that day the court's order from September 30 setting the case for hearing. On October 24, 2013, Plaintiff filed a document entitled "Plaintiff's Motion to Continue" in which Plaintiff states that she received the court's September 30 order on October 18, 2013, and that this was the last piece of mail she had received from the court. [DE-23]. According to Plaintiff, she had not received the court's order allowing Defendants' motion to compel, attributing it to difficulties she had been experiencing in the receipt of her mail at the post office box address she had provided

3

the court and Defendants' counsel. *Id.* at 2.

On October 30, 2013, this court entered an order, on Plaintiff's motion, setting the case for hearing on November 6, 2013, after having contacted the parties by telephone. [DE-25]. On November 6, 2013, this court held a hearing on Plaintiff's motion to continue at which counsel for defendant appeared in person and Plaintiff appeared by telephone. During the hearing, Plaintiff described difficulties she had been experiencing with her mail service. Plaintiff stated that although she attends to her mail box each Friday, her mail is not delivered in a timely and consistent manner. She stated that on one occasion she received a note in her mailbox informing her that mail was being held because her mail volume exceeded the capacity of her mailbox. However, when she went to retrieve these items she was told there was no mail. Defendants' counsel indicated that all materials served on Plaintiff in this case have been mailed by regular mail to the post office box address on file with the court and that no materials had been returned by the postal service as undelivered. During the hearing, the court went to great lengths in explaining to Plaintiff her responsibility to insure the validity of the address she had provided the court. At the conclusion of the hearing, the court directed Plaintiff to provide her initial disclosures and respond to Defendants' written discovery requests within fifteen days.

On November 20, 2013 and December 2, 2013, in response to Defendants' affidavit of costs and fees, Plaintiff objected to an award of sanctions against her on the grounds that she has been denied the ability to receive case filings electronically due to her *pro se* status and for the reason that she has no control over the receipt of her mail by the United States Postal Service. [DE-28, -34]. Plaintiff filed her responses to Defendants' written discovery requests on November 20, 2013. [DE-29-30].

4

On December 5, 2013, Defendants filed the instant motion for sanctions seeking dismissal of Plaintiff's case based on Plaintiff's incomplete and inadequate responses to Defendants' discovery requests and failure to serve Rule 26(a)(1) initial disclosures on Defendants. On February 20, 2014, the court held a hearing on Defendants' motion for sanction. At the hearing the court declined to impose the sanction of dismissal on Plaintiff, due in large part to the fact that Plaintiff's failure to comply with the court's prior orders was a result of problems receiving mail. Alternatively, the court considered the motion for sanctions as a motion to compel Plaintiff to respond to Defendants' written discovery requests and to make her Rule 26(a)(1) initial disclosures.

## COURT'S DISCUSSION

### I. Motion for Sanctions/Motion to Dismiss

Defendants seek dismissal of this case as a sanction for Plaintiff's failure to comply with the court's orders and underlying failure to comply with discovery obligations. Rule 37(d)(1)(A)(ii) and Rule 16(f) provide, respectively, that a court may order sanctions, including dismissal, upon a failure to respond to discovery or a failure to comply with a court order. In determining whether to dismiss a case, the court must consider "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001)(quoting *Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998)).

Here, the court finds that Plaintiff has not acted in bad faith and that while Defendants have been prejudiced by incurring cost and delay in this litigation, less drastic sanctions may be effective.

5

Accordingly, the court declines to dismiss Plaintiff's case at this time. Notwithstanding, Plaintiff is cautioned that ignorance of the rules in no excuse for failure to comply with the court's orders and the obligations imposed by the Federal Rules of Civil Procedure. Therefore, any further flouting of the court's orders or the Federal Rules of Civil Procedure or this court's Local Rules[1] may result in a future recommendation to the district judge, either on motion or *sua sponte*, that this case be dismissed. In light of the denial of Defendants' motion for sanction/motion to dismiss, the court will, alternatively, order Plaintiff to comply with her discovery obligations.

Rule 26(a)(1) of the Federal Rules of Civil Procedure requires a party to automatically make certain enumerated disclosures to the other parties. *See* Fed. R. Civ. P. 26(a)(1); *see also Smith v. Coulter*, No. 5:11-CV-736-BO, 2013 WL 1498962, at *2 (E.D.N.C. Apr. 11, 2013). Pursuant to the Scheduling Order adopting the parties' Discovery Plan regarding disclosure of Rule 26(a)(1) information, Plaintiff was required to provide Defendants with initial disclosures on or by July 7, 2013. [DE-15] ¶ 2; [DE-16]. Plaintiff, however, has failed to make the mandatory Rule 26(a)(1) disclosures in conformity with the court's order. Even assuming, as Plaintiff contends, the parties reached an agreement that initial disclosures could be served in August, that time has too passed. Moreover, on November 6, 2013, the court again ordered Plaintiff to provide initial disclosures to Defendants within 15 days. Plaintiff has yet to serve initial disclosures on Defendants, and at the February 20, 2014 hearing Plaintiff asserted she had no initial disclosures to make. However, after some discussion with the court regarding the substance and purpose of initial disclosures, Plaintiff conceded that she did possess information subject to disclosure. Accordingly, Plaintiff shall serve

---

[1] Plaintiff has previously litigated in this court and should be aware of the need for compliance with rules and orders. The Federal Rules of Civil Procedure and this court's Local Rules are available at http://www.nced.uscourts.gov.

Defendants with her Rule 26(a)(1) initial disclosures no later than **March 7, 2014**.

The Federal Rules of Civil Procedure enable parties to obtain information by serving requests for discovery upon each other, including interrogatories and requests for production of documents. *See generally* Fed. R. Civ. P. 26–37. The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando,* 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors,* No. 2:98–CV–62–BO, 2000 WL 33672978, at *4 (E.D.N.C. Sept. 27, 2000). As explained in great detail at the hearing, Plaintiff's responses to Defendants' discovery requests were deficient in many respects, including assertion of irrelevant objections, the Fifth Amendment right against self-incrimination and that the information sought was available to Defendants from other sources, all of which this court overrules. Furthermore, the court has reviewed Defendants' discovery requests and finds them to be within the permissible scope of discovery. Therefore, Plaintiff shall serve her responses to Defendants' interrogatories, requests for production, and requests for admissions no later than **March 7, 2014**.

## II. Amended Motion to Extend Time to Respond to Plaintiff's Discovery

Defendants' filed a motion for extension of time to respond to Plaintiff's discovery requests during the pendency of the motion for sanctions, which motion has been herein denied. At the hearing, Defendants' counsel requested 45 days to respond, due to a one- to two-week trial in early March. The court finds good cause to allow Defendants' motion. Accordingly, Defendants shall respond to Plaintiff's outstanding discovery requests no later than **April 7, 2014**.

## III. Case Deadlines

The Scheduling Order provided for the following case deadlines: discovery due by March 3, 2014; potentially dispositive motions due by April 2, 2014; and a jury trial was set for Judge Fox's

7

July 14, 2014 term of court. Due to the delay to date in completing discovery, the Scheduling Order is amended as follows: discovery is due by **May 16, 2014**; potentially dispositive motions are due by **June 16, 2014**; and the trial of this matter is scheduled for Judge Fox's **September 29, 2014 term of court** in Wilmington, North Carolina.

## IV. Expenses and Attorney's Fees

Rule 37(a)(5)(A) provides that the moving party be awarded expenses when a motion to compel discovery is granted, absent certain specified circumstances. The rule states in relevant part:

> If the motion [to compel] is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

Fed. R. Civ. P. 37(a)(5)(A).

Defendants submitted an affidavit and supplemental affidavit in support of an award of $3,180.00 in fees and $148.03 in costs associated with Defendants' motion to compel and hearing thereon. [DE-22, -27]. Plaintiff responded that she had not received the discovery requests or notice of the hearing due to problems with delivery of her mail to her post-office box. [DE-28, -34]. The court takes Plaintiff at her word, and finds that the circumstances would make an award of expenses for Plaintiff's failure to respond to Defendants' discovery requests unjust. *See* Fed. R. Civ. P. 37(a)(5)(A)(iii). However, there is no reasonable justification for Plaintiff's failure to make the mandatory Rule 26(a)(1) initial disclosures, as discussed above, which were also the subject of Defendants' motion to compel. Accordingly, Plaintiff is ordered to pay Defendant $350.00 by no later than **March 20, 2014**, for failure to make her Rule 26(a)(1) initial disclosures, which necessitated the filing, in part, of Defendants' motion to compel.

8

## CONCLUSION

For the reasons set forth above,

(1) Defendants' Motion for Sanctions/Motion to Dismiss [DE-36] is DENIED;

(2) Plaintiff shall make Rule 26(a)(1) initial disclosures and respond to Defendants' outstanding discovery requests no later than **March 7, 2014**;

(3) Defendants' Amended Motion for Extension of Time to File Response to Plaintiff's First Request for Admissions and Interrogatories and Plaintiff's Second Set of Interrogatories and Request for Production of Documents [DE-45] is ALLOWED, and Defendants shall respond no later than **April 7, 2014**;

(4) the Scheduling Order is AMENDED as follows: discovery is due by **May 16, 2014**; potentially dispositive motions are due by **June 16, 2014**; and the trial of this matter is scheduled for Judge Fox's **September 29, 2014 term of court** in Wilmington, North Carolina; and

(5) Defendants are awarded $350.00 for Plaintiff's failure to timely make her Rule 26(a)(1) initial disclosures.

SO ORDERED, the 20th day of February 2014.

Robert B. Jones, Jr.
United States Magistrate Judge