IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No.: 5:12-CV-484-F

| | |
|---|---|
| PEGGY PLEDGER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | O R D E R |
| UHS-PRUITT CORPORATION, THE ) | |
| OAKS AT MAYVIEW a/k/a MAYVIEW ) | |
| CONVALESCENT HOME, INC. a/k/a ) | |
| MAYVIEW CONVALESCENT CENTER, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on Plaintiff's motion to reconsider this court's order of February 20, 2014, imposing monetary sanctions of $350.00 on Plaintiff for failing to provide her initial disclosures in accordance with the Federal Rules of Civil Procedure. [DE-51].

## BACKGROUND

Given the limited scope of the pending motion, the court will recite only those facts giving rise to Plaintiff's motion and incorporate by reference the facts and procedural history as set out in its order of February 20, 2014. [DE-47]. On June 10, 2013, the parties submitted a joint discovery plan ("Discovery Plan"), which provided, among other things, that the parties would exchange the information required by Fed. R. Civ. P. 26(a)(1) by July 7, 2013. [DE-15] ¶ 2. On June 14, 2013, the court approved the parties' Discovery Plan in the court's Scheduling Order. [DE-16]. On August 8, 2013, Defendants' counsel sent Plaintiff a letter requesting that Plaintiff provide her initial disclosures and other outstanding discovery responses. [DE-17-7]. Plaintiff responded that the parties had agreed in a phone call that initial disclosures would be due in August. [DE-17-8].

On August 28, 2013, Defendants filed a motion to compel, indicating that Plaintiff's initial disclosures and responses to discovery had not been received. [DE-17]. The court thereafter noticed a hearing on the motion, held October 11, 2013, at which Defendants' counsel appeared; Plaintiff did not appear at the hearing. On October 18, 2013, the Clerk of Court received a telephone call from Plaintiff advising that Plaintiff had received that day the court's order setting the case for hearing. On October 24, 2013, Plaintiff filed a document entitled "Plaintiff's Motion to Continue" in which Plaintiff states that she received the court's hearing notice on October 18, 2013, which was the last piece of mail she had received from the court. [DE-23].

On November 6, 2013, this court held a hearing on Plaintiff's motion at which counsel for Defendants appeared in person and Plaintiff appeared by telephone. At the conclusion of the hearing, the court directed Plaintiff to provide her initial disclosures and respond to Defendants' written discovery requests within fifteen days.

On December 5, 2013, Defendants filed a motion for sanctions seeking dismissal of Plaintiff's case based on Plaintiff's incomplete and inadequate responses to Defendants' discovery requests and Plaintiff's failure to serve Rule 26(a)(1) initial disclosures on Defendants as required by Rule 26(a)(2) and as ordered by the court. On February 20, 2014, the court held a hearing on the motion. At the hearing the court declined to impose the sanction of dismissal on Plaintiff, due in part to the fact that Plaintiff's failure to comply with the court's prior orders regarding responding to Defendants' discovery was a result of problems receiving mail. Alternatively, the court considered the motion for sanctions as a motion to compel Plaintiff to respond to Defendants' written discovery requests and to make her Rule 26(a)(1) initial disclosures. As a sanction for failing to provide her initial disclosures, the court ordered Plaintiff to pay $350.00 to Defendant. [DE-47]. On March 6,

2014, Plaintiff filed the instant motion seeking the court to reconsider its order. [DE-51].

## DISCUSSION

The Federal Rules of Civil Procedure provide that "any order or other decision ... may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). However, no clear standard exists for the analysis of a motion for reconsideration under Fed. R. Civ. P. 54(b) other than its resolution "committed to the discretion of the court." *Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citations omitted); *Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, No. 1:10MC58, 2011 WL 6217061, at *5 (M.D.N.C. Dec. 14, 2011). In contrast, under Fed. R. Civ. P. 59(e), a motion to alter or amend a final judgment may be granted "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Although the Fourth Circuit has made it clear that the standards governing reconsideration of final judgments under Fed. R. Civ. P. 59(e) are not determinative of the reconsideration of an interlocutory decision, *see Saint Annes Dev. Co., Inc. v. Trabich*, No. 10–2078, 2011 WL 3608454, at *3 (4th Cir. Aug. 17, 2011) ("The power to reconsider or modify interlocutory rulings 'is committed to the discretion of the district court,' and that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders.") (quoting *Am. Canoe*, 326 F.3d at 514-15), courts have considered those factors in guiding their discretion under Fed. R. Civ. P. 54(b). *See Boykin Anchor Co., Inc. v. Wong*, No. 5:10-CV-591-FL, 2012 WL 937182, at *2 (E.D.N.C. Mar. 20, 2012) (applying standard to court's reconsideration of its order denying plaintiff's motion to

compel); *Mesmer v. Rezza*, No. DKC 10–1053, 2011 WL 5548990, at *3 (D.Md. Nov. 14, 2011) ("While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, ... courts frequently look to these standards for guidance in considering such motions ...." (internal citations omitted)). Courts have also held that "[a] motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence." *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005); *Akeva LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 566 (M.D.N.C. 2005).

However, the court must also recognize that "[p]ublic policy favors an end to litigation and recognizes that efficient operation requires the avoidance of re-arguing the questions that have already been decided." *Akeva*, 385 F. Supp. 2d at 565. To this end, "a motion to reconsider is not proper where it only asks the Court to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." *Fleetwood*, 2011 WL 6217061, at *6 (quoting *Hinton v. Henderson*, No. 3:10-cv-505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011); *see DirecTV, Inc. v. Hart*, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (ruling that a motion to reconsider is improper where the motion "merely asks the court 'to rethink what the Court had already thought through-rightly or wrongly.'") (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

Plaintiff argues that the monetary sanction ordered by the court, which she has apparently already paid, is not "just." [DE-51]. Rather, Plaintiff contends that the information that she would have provided by way of her initial disclosures is contained in documents which are in Defendants' possession. Plaintiff suggests therefore that because Defendants already have this information,

4

which she fails to identify, that Plaintiff need not provide her disclosures in compliance with Fed. R. Civ. P. 26(a)(1). Plaintiff raised this argument during the court's February 20 hearing, and as explained then, Plaintiff's reasoning does not excuse her from complying with Fed. R. Civ. P. 26(a)(1). Plaintiff also asks the court to reconsider its order based on her difficulty in understanding the manner in which Defendants have numbered the documents produced in discovery. The nature of Plaintiff's difficulty and the manner in which the discovery documents have been numbered is unclear from Plaintiff's motion. Nonetheless, as presented, such argument presents no grounds to support the court's reconsideration of its order on sanctions.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reconsider its order requiring her to pay Defendant $350.00 as a sanction for failing to provide her initial disclosures in accordance with Fed. R. Civ. P. 26(a)(1) is DENIED.

So ordered, the 7th day of April 2014.

Robert B. Jones, Jr.
United States Magistrate Judge